UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-P330-S

W. CURTIS SHAIN                                                                                           PLAINTIFF

v.

OLDHAM COUNTY, KENTUCKY *et al.*                                 DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff W. Curtis Shain filed a *pro se* complaint. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

**I.**

Plaintiff is a prisoner currently incarcerated at the Federal Correctional Institution-Elkton. His claims stem from his previous incarceration at the Oldham County Jail (OCJ). He sues Oldham County, Kentucky; Jailer Mike Simpson; Deputy Jeffrey Tindall; and Deputy Jane Doe. He sues Simpson, Tindall, and Doe in their official and individual capacities.

Plaintiff states that during his incarceration at the OCJ he was representing himself in several pending civil actions in Jefferson Circuit and District Courts and in the U.S. Bankruptcy Court. He states that the OCJ law library was inadequate, contained outdated legal reference materials, and was not offered to inmates for "weeks on end." Plaintiff asked jail officials to provide him with updated copies of the U.S. Bankruptcy Code, the Kentucky Rules of Civil Procedure, and a U.S. Supreme Court decision. However, Defendant Tindall refused to provide him with books or copies of these items. Plaintiff also states that the OCJ does not make typewriters or word processors available to inmates.

Plaintiff states that in two civil actions in which he was the plaintiff he failed to respond to motions to dismiss, and his cases were dismissed in state court. He filed "bare bones" motions for relief from judgment in those cases, which were denied, Plaintiff states, because of the inadequacies of the OCJ law library. Further, because he had no way of knowing the requirements for filing a notice of appeal, he did not file timely notices of appeal.

In addition to the two civil actions, Shain was also listed as a creditor in a bankruptcy petition. Plaintiff states that the U.S. Bankruptcy Court mailed him an order directing him to file an amended proof of claim. However, Defendant Doe forwarded mail addressed to Plaintiff to the U.S. Marshals Service, and the U.S. Bankruptcy Court's order was not delivered to Plaintiff in a timely manner. Consequently, Plaintiff states that he was not able to file a timely amended proof of claim, and his claim in the U.S. Bankruptcy Court action was barred.

Plaintiff states the above actions violated 42 U.S.C. §§ 1983, 1985(3), and 1986 and brings claims for negligent supervision and hiring, as well. As relief, he seeks compensatory and punitive damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary."

3

*Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted).

Furthermore, the Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).

Plaintiff alleges that he was hindered in two civil actions in which he was the plaintiff and in filing a proof of claim in a bankruptcy action. Plaintiff does not allege an injury to a direct appeal of his sentence, a habeas corpus petition, or a civil rights claim related to his conditions of confinement. He, therefore, fails to state a constitutional violation under 42 U.S.C. §§ 1983, 1985(3), or 1986, and his federal claims will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff also brings state-law claims of negligent supervision and hiring. "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court

has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, having dismissed all federal claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and will dismiss those claims without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: October 17, 2011

**Charles R. Simpson III, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.010